## The Providence Institution for Savings *v.* Marinus W. Gardiner, City Treasurer.

By the tax act of January, 1855, bank stocks, in which a savings institution has invested its deposits, for income, cannot be taxed to the corporation; such stocks representing the deposits which, under the act, are taxable to the depositors in the towns where they respectively reside.

This was an action of assumpsit brought by the plaintiff, an incorporated savings bank in the city of Providence, against the defendant, city treasurer of Providence, to recover back the sum of $3,582.23, being the amount of taxes assessed by the city against the plaintiff corporation, as the owner of certain bank stocks, in which a portion of their deposits had been invested for income. The corporation had rendered an account under oath to the assessors of their ratable estate, in conformity to law, but had not included therein the bank stocks in question, and had paid the tax assessed upon such stocks under protest.

To the declaration, which specially averred these facts, a general demurrer was filed.

*Binney & T. A. Jenckes*, for the plaintiffs.

*James M. Clarke & William H. Potter*, for defendant.

BOSWORTH, J.[1] For the reasons given by us in the case of the *American Bank* v. *James Mumford, Collector*, we are of opinion, that the personal property of the depositors, in the keeping of a savings institution, cannot be taxed to the corporation. Such property is, by provision of law, all to be taxed to the owners or depositors in the towns where they respectively reside. To assess the corporation also for the same property, would practically amount to a taxation of the depositors for it twice; whereas, the law intends that they shall be taxed for it once only.

----

[1] Ames, C. J., having been of counsel in this case, did not sit in it.